# Lycoming Fire Insurance Company *versus* Storrs.

## Same *versus* Same.

. A writ of error taken to the refusal of the court below to set aside the service of a writ of summons on the defendant is premature and will be quashed.

2. Where after the taking of such writ of error, the plaintiff enters a rule to arbitrate, and the defendant, protesting against proceeding with the case, enters an appearance *de bene esse*, appears before the arbitrators, agrees to a continuance, agrees to the substitution of another arbitrator in the place of one already chosen, contests the case before the arbitrators, and finally appeals from their award, his conduct will be deemed equivalent to service and a waiver of the protests previously filed, no matter how irregular the service of the original process.

3. Where an action is brought by a voluntary assignee for the benefit of creditors upon a policy of insurance, issued to his assignor, and the company defends on the ground that the plaintiff's assignor has failed to pay his premiums in accordance with the terms of the policy, after notice has been duly given him, it is no answer on the part of the assignee, to show that he agreed with the agent of the company, after the assignment, that such notice should be given to him, and that this agreement *was not complied with*. The assignee never stood in any contract relation with the company, and it is, therefore, wholly immaterial what agreement he made with the agent.

4. Where an insurance company defends against the payment of the amount of a policy of insurance, on the ground of non payment of a premium, the assured can not set up as excuse for non payment, the fact that he has agreed with an agent of the company, that the latter should credit the premium on a debt he owed the assured.

5. A policy of insurance wherein the application therefor is referred to as part thereof, is inadmissible in evidence, without the application, where the latter is within the control of the assured.

6. In an action by a voluntary assignee, for the benefit of creditors, a deed reconveying the assigned property to the assignor, which bears date subsequent to the institution of suit, is admissible as cumulative evidence, to show that the assignor is the real party in interest.

March 8th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Bradford county*. Two writs of error: Of July Term 1879, No. 116, and July Term 1880, No. 54.

Assumpsit upon a policy of fire insurance, by William R. Storrs, assignee for the benefit of creditors of John F. Means, against the Lycoming Fire Insurance Company.

The record showed the following facts: The writ issued November 27th 1878, and on December 6th 1878, was returned served on O. D. Bartlett, agent. A declaration was filed, and on January 6th 1879, judgment was entered for plaintiff for want of an appearance. The court subsequently, on motion of defendant, made absolute a rule to show cause why judgment should not be stricken off, and service of summons set aside. An alias summons

[Lycoming Fire Ins. Co. *v.* Storrs.]

was thereupon issued and was returned served on Walter G. Tracy, agent of the Lycoming Insurance Company; also on the Lycoming Fire Insurance Company, by personally making known the contents of said writ to Edward P. J. Painter, president of the said company. The defendant took a rule to show cause why service of the alias summons should not be set aside. The affidavit of Painter in support of the rule set forth that the writ was served on him at the principal office of the company at Muncy, Lycoming county, by the sheriff of Bradford county; that since the original writ of summons had been set aside by the court, and before the service of the alias writ on him, the plaintiff, Storrs, assignee, &c., of Means, had, by order of the Common Pleas of Bradford county, reconveyed unto said Means all the assigned estate, by reason whereof Storrs had no longer any right to or control over the claims sued for. Tracy also filed an affidavit setting forth that he was merely a local agent of the company defendant, having limited powers in Towanda and its vicinity.

The court, MORROW, P. J., held that Tracy clearly was such an agent who may be served under the 6th section of the Act of April 8th 1851; and that this service being good, it was unnecessary to decide the question whether the service on Painter was good. The court further held, that the setting aside of the former service on Bartlett did not end the suit, and that having been rightly brought in the name of Storrs, assignee, his subsequent assignment to Means did not operate as an abatement. The court therefore entered an order discharging the rule to show cause why the service of the alias should not be set aside.

The defendant excepted, and took a writ of error to the Supreme Court, July term 1879, No. 116, and entered bail in error, but the cause was not reached for argument at the January term 1880.

In the meantime the court below, holding that the writ of error was not a supersedeas, the cause was proceeded in as follows:—

The plaintiff took a rule to arbitrate, which was served on Tracy as agent of the defendant. Messrs. Williams & Angle, attorneys *de bene esse* for the defendant, protested against the choosing of arbitrators and proceeding with the case, and moved the court for an order staying further proceedings pending the writ of error. This motion was refused by the court. When the arbitrators were chosen, the defendants' counsel attended under protest, but participated in choosing the arbitrators, and attended on the trial before them and made defence.

On September 27th 1879, the arbitrators filed the following report:

"Now, to wit, August 29th 1879, this action was *continued* to September 26th 1879, at same place, at 2 o'clock P. M., by *agreement* of parties, September 29th 1879, Geo. Landon and W. J.

[Lycoming Fire Ins. Co. *v.* Storrs.]

Young, two of the above-named arbitrators, met the parties at the place mentioned in the above notice, A. L. Cranmer, the other above-named arbitrator not appearing, H. L. Scott was *agreed upon* by the parties to act in his stead, and the said arbitrators, to wit, George Landon, W. J. Young and H. L. Scott, having been first duly sworn, do proceed to hear the parties, their proofs and allegations, and continuing to September 27th 1879, do award in favor of the plaintiff, three thousand two hundred and five dollars and fifty cents, and cost.

$3205.50."            W. G. YOUNG, ⎫
                     GEO. LANDON, ⎬ Arbitrators.
                     H. L. SCOTT, ⎭

The defendants' attorney took a rule to show cause why the award should not be set aside, on the ground that the rule to choose arbitrators was improperly served on Tracy, instead of on the "president, cashier, secretary or chief clerk" of the defendant corporation, as directed by the Act of June 16th 1836, sect. 12.

The court discharged the rule, saying, in an opinion filed: "It is true the service of the rule to choose arbitrators and notice of the time and place of the trial, on Tracy, was defective, and if the defendants' counsel had not attended at either the choosing or arbitration, the award would have been set aside. But I do not understand that entering an appearance *de bene esse* has any such effect. The service of the alias summons was held good. There was no *retraxit* of the appearance, and it operated as a full appearance: Bolard *v.* Mason, 16 P. F. Smith 138; Blair *v.* Weaver, 11 S. & R. 84. These cases do not conflict with Coleman's Appeal, 25 P. F. Smith 441. For if it be held by the Supreme Court that the service of the alias summons was not good, then all the proceedings in the case subsequent to the taking the writ of error fall. The defendant, therefore, has the full benefit of its conditional appearance. But so far as it relates to this court, the service having been held good, and the conditional appearance not having been withdrawn, it is a full appearance as to the subsequent proceeding here."

The defendant thereupon appealed from the award. A rule to plead having been entered, the defendants, "protesting that the service of summons in this case is illegal and wholly insufficient, and reserving to themselves all exceptions heretofore taken in said case, and further protesting that they are not at this time bound to plead to the plaintiff's cause of action for the reasons set forth, in the exceptions above set forth, but in pursuance of rule and notice served on them by plaintiff's counsel, and under protest by their attorneys, Williams & Angle, plead non assumpsit, with leave to give special matter in evidence.        WILLIAMS & ANGLE,

"Attorneys *de bene esse* for defendants."

[Lycoming Fire Ins. Co. *v.* Storrs.]

When the case was called for trial, February 18th 1880, before MORROW, P. J., before the jury was sworn, the defendants' attorneys *de bene esse* filed a written protest against being compelled to go to trial, except subject to the objections that the service of the writ was illegal, and that the writ of error, then pending, was a supersedeas, and the case beyond the jurisdiction of the court. Thereupon the defendants' attorneys appeared specially and made defence.

Upon the trial, the plaintiff offered in evidence a policy of insurance from the company defendant to John F. Means, on the Means House, Towanda, Pennsylvania, for $3000. The defendant produced and tendered to the plaintiff a premium note and the application of J. F. Means on which the policy was issued, and which by the terms of the policy was made a part thereof, and objected to the admission of the policy unless accompanied by the application. Plaintiff's counsel declined to put the application in evidence, stating that they expected to prove that the signature of John F. Means to the application was obtained by fraud, and that it is not, under the circumstances, a part of the contract. The court overruled the defendants' objection, and admitted the policy in evidence without the application. Exception. (5th assignment of error.)

The plaintiff offered deed of assignment of J. F. Means to W. R. Storrs for the benefit of creditors, dated February 3d 1877, recorded, &c.

It was in evidence that shortly after the assignment, Means and Storrs had a conversation with Russell and Bartlett, Bartlett representing the company defendant; that in pursuance of the purpose of this meeting, Russell prepared a statement to the effect that Means, having assigned all his property to Storrs for the benefit of creditors, the loss, if any, on the property covered by the policies, would be paid to Storrs. Russell endorsed these agreements upon his policies, and testified that Bartlett agreed to do likewise, and also to give notice to Storrs of any assessments. Bartlett denied this agreement, and that he was to give Storrs notice. In the ensuing May, notice of assessment, No. 35, payable under the policy within thirty days, was sent to Means, but not to Storrs, who never knew anything of it until after the fire. Means testified, that upon the receipt of notice, he agreed with Bartlett that it should be paid by crediting the latter with the amount of the assessment on a land contract which he had with Bartlett. (The admission of this testimony constitutes the 8th assignment of error.)

The notice contained a clause avoiding the policy if the assessment be not paid within thirty days, and also denying the authority of the agent to waive any of its provisions, or receive other than actual payment. Evidence as to how previous assessments had

been paid was offered, under objection, for the purpose of corroborating Means in relation to the alleged indebtedness between himself and Bartlett individually.   (7th assignment of error.)

The defendant offered in evidence a deed from Storrs to Means, dated May 29th 1879, recorded, &c., wherein Storrs reassigned to Means the property assigned to him in 1877, for the purpose of showing that Storrs had no standing in court.   Objected to; objection overruled.   Exception.   (9th assignment of error.)

The defendant presented the following points:

2. That according to the evidence of John F. Means, the real plaintiff, he received notice of the assessment more than thirty days prior to the fire which destroyed the property mentioned, and described in the policy, as per notice given in evidence, that he, the said John F. Means, did not pay said assessment, No. 35, as required by the terms of the eighth condition of the policy, and of the notice to pay the same which was served upon him.   Ans. "The facts here stated are undisputed, and if they were the only facts in the case relating to notice and payment of assessment, No. 35, the plaintiff could not recover.   The case is, however, being tried in the name of Storrs, assignee of Means, against the defendant."   Refused.

3. That William R. Storrs, the assignee of John F. Means, never having given his premium note to the company, and no assessment having been charged to him on any note of said Means in connection with the policy upon which suit is brought, did not become a member of the company and was not entitled to notice; and that the notice served on John F. Means was good and sufficient under the terms of the contract of insurance.   This point the court did not specifically answer.

5. That under all the evidence in the case the plaintiff is not entitled to recover, and the verdict must be in favor of the company defendant.   This point was not answered.   (2d, 3d and 4th assignments of error.)

The court charged the jury, inter alia: "Now if you find from all the evidence in the case that Bartlett was the agent of the company, with power to write policies; that immediately after the assignment to Storrs he agreed to write on this policy that Storrs was the assignee of Means for the benefit of creditors, and that in case of loss the insurance was to be paid to Storrs; and if you further find that he did not give him notice of assessment No. 35, we think the plaintiff is entitled to recover; because we think that under his power to write policies he could write upon the face of this policy what Judge Russell testified he agreed to write upon it, and we think also that he had the power under his agency to agree to give this notice to Storrs."   (6th assignment of error.)

Verdict for plaintiff for $3300, and judgment thereon, whereupon the defendant took this writ, assigning for error the refusal

[Lycoming Fire Ins. Co. v. Storrs.]

to set aside the writ of summons, the admission of the evidence objected to, the refusal to affirm its points, and the charge, *ut supra.*

Both writs of error were argued together.

*H. W. Watson* and *Williams* (*Angle* with them), for the plaintiff in error.—The service of the summons on Tracy was illegal. It could not be made on him under the Act of April 8th 1851, as that applies only to foreign corporations: Cochran *v.* Library Co., 6 Phila. R. 492 ; Parke *v.* Com. Ins. Co., 8 Wright 422 ; Act of April 24th 1857, Pamph. L. 318 ; Brobst *v.* Bank of Pennsylvania, 5 W. & S. 379 ; Liblong *v.* Kansas Fire Ins. Co., 1 Norris 415. Where the service is irregular, it is not waived by an appearance *de bene esse :* Winrow *v.* Raymond, 4 Barr 501 ; Boland *v.* Mason, 16 P. F. Smith 138 ; Blair *v.* Weaver, 11 S. & R. 85 ; 2 Tr. & H. Pr. (4th ed.) 70. Nor does the making of a defence, under such an appearance and under protest, estop the defendant from setting up the defence of want of jurisdiction at any subsequent stage of the cause : Coleman's Appeal, 25 P. F. Smith 460. The evidence showed that Bartlett was a local agent of the company to make surveys and receive applications, with no power to waive any condition in a policy. His powers are defined by the by-laws, of which Means, as a member of the company, had binding notice.

The assignment of Means to Storrs for creditors did not change his relation to the company, nor make Storrs a member of the company. Storrs was not entitled to notice of assessments, and if Bartlett agreed to give him notice, it was beyond his power, and did not bind the company. Means, in fact, relied on Bartlett to pay his assessments for him and credit the amount to a private account. Assessments cannot be paid in such manner so as to bind the company : Crawford County Mutual Ins. Co. *v.* Cochran, 7 Norris 230.

*Overton* and *Davies* (*Carnochan* with them), for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, May 2d 1881.

The defendant below has taken two writs of error in this case. The first was to the refusal of the court to set aside the service of the writ. The second was to the final judgment. It is plain the first writ was premature : Coleman's Appeal, 25 P. F. Smith 441. This writ must be quashed. As the same point is raised by the first assignment of error upon the second writ, the defendant will have the full benefit of it for all it is worth.

We need not discuss the question whether the service of the summons upon W. G. Tracy, the local agent, bound the company defendant. The latter appeared *de bene esse*, and subsequently moved to set aside the service. This the court refused to do. At

this point, the defendant was not in court unless the writ had been properly served.   It had then but one of two courses to pursue; the one was to come in and defend the suit; the other was to stay out and take the risk of the service.   It attempted to do both, and as might have been anticipated, did not succeed.   The plaintiff took out a rule of reference.   The defendant appeared before the arbitrators, agreed to a continuance, and also agreed to a substitution of another arbitrator in place of one first chosen; contested the cause before the arbitrators, and then appealed from their award.   The defendant's appearance before the arbitrators and its subsequent appeal were equal to service (Evans *v.* Duncan, 4 Watts 24), and its *agreement* to continue and to substitute an arbitrator, was a waiver of the protests previously filed.   We see no error in the first assignment.

- 2. The second assignment is sustained.   The defendant's second point should have been affirmed.   The facts were not disputed that John F. Means, the assured, received notice of the assessment more than thirty days prior to the fire which destroyed the property insured, and that the said Means did not pay his assessment, No. 35, as required by his policy and the notice served upon him to do so.   The learned judge, while admitting the facts as above stated, declined the point for the reason that the case was being tried in the name of Storrs, assignee of Means, against the defendant.   This was error.   Storrs was a voluntary assignee for creditors.   The company had nothing to do with him.   He held no policy, nor had he any contract relation with the company.   Means still had the beneficial interest in the policy; if paid, the proceeds would go to him or to the payment of his debts, which is the same thing.   Hence it is entirely immaterial whether the agent Bartlett made the agreement referred to in the sixth assignment or not.   Granted that it was made and by competent authority, and that the company failed to give notice to the assignee of the assessment, what does it matter?   Can the assignee complain?   Certainly not; he was not insured and had no interest.   Can Means complain?   His mouth is closed because he had notice and did not pay the assessment.   Nor does it help him that he supposed his assessment had been paid to the company by Bartlett the agent. He had not paid Bartlett, and any agreement between them that Bartlett should credit the premium on a debt he owed Means on a land contract, would not avail as against the company.   Bartlett had no right to take the company's money to pay his private debt to Means, and this the latter knew or ought to have known.   The 2d, 3d, 4th, 6th, 7th and 8th assignments are substantially covered by the foregoing remarks and are sustained.

5. This assignment is ruled by the Lycoming Mutual Ins. Co. *v.* Sailer, 17 P. F. Smith 108, where it was held that it was error to admit the policy in evidence without the application, where the

[Lycoming Fire Ins. Co. *v.* Storrs.]

latter forms a part of it. In that case the defect was cured by the defendant putting in evidence the application. Such was not the case here. The defendant produced the application in court and tendered it to the plaintiff, who refused to offer it. The court admitted the policy without the application, which was error.

9. The deed from Storrs, assignee, to Means, reconveying the assigned property, was competent evidence to show that Means was the real party in interest. This already appeared; the evidence was cumulative and not very important. Yet I see no good reason why it should not have been received.

The first writ of error is quashed.

> The judgment is reversed upon the second writ, and a *venire facias de novo* awarded.

MERCUR, J., dissented.