# Meerbach, Appellant, *v.* Metropolitan Life Insurance Company.

*Insurance—Life insurance—Lapse of policy—Revival—Affidavit of defense.*

In an action upon a life insurance policy it appeared that the policy had lapsed for nonpayment of premiums. The policy, however, provided that it might be revived under certain conditions "upon payment of all arrears and the presentation of evidence satisfactory to the company of the sound health of the insured." Application for a revival was made on December 4, the insured was examined on December 12, the report of the medical examiner was received by the company on December 14. On December 15, the insured died from disease. On December 21, the general officer of the company without any knowledge of the death of the insured stamped on the policy the assent of the company to its revival. *Held,* that under the facts stated it was proper for the court to discharge a rule for judgment for want of a sufficient affidavit of defense.

Argued Dec. 19, 1910. Appeal, No. 178, Oct. T., 1910, by plaintiff, from order of C. P. No. 5, Phila. Co., March Term, 1909, No. 5,096, discharging rule for judgment for want of a sufficient affidavit of defense in case of George Meerbach v. Metropolitan Life Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of life insurance.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*J. S. Freeman,* for appellant.—The policy became lapsed for failure to pay the weekly premiums. The policy in such case provides that it may be revived "if not more than 52 premiums are due, upon payment of all arrears and the presentation of evidence satisfactory to the company of the sound health of the insured." The premiums

in arrears were thirteen. Payment was made or secured by lien in accordance with the rules of the company. Evidence was presented of the sound health of the insured satisfactory to the company, as shown by the approval of the revival application. The insured therefore met every requirement of the policy. There is no claim made that the statements contained in the revival application were untrue. The physician's certificate shows the sound health of the insured at the time the examination was made. The revival application was completed and in the hands of the company prior to the death of the insured. Upon the statements therein contained it was approved and the official revival indorsed thereon by the secretary of the company. Under these facts the appellant is entitled to recover the amount of the insurance: Metropolitan Life Ins. Co. v. Drach, 101 Pa. 278; Burkhard v. Ins. Co., 102 Pa. 262; Philadelphia Tool Co. v. Assurance Co., 132 Pa. 236; Bole v. Fire Ins. Co., 159 Pa. 53; Sovereign Camp of Woodmen of the World v. Grandon, 64 Neb. 39 (89 N. W. Repr. 448); Jackson v. Mut. Relief Assn., 78 Wis. 463 (47 N. W. Repr. 733); Boward v. Bankers' Union, 94 Mo. App. 442 (68 S. W. Repr. 369).

*Arthur G. Dickson,* of *Dickson, Beitler & McCouch,* for appellee, cited; Paine v. Pacific Mutual Life Insurance Co., 2 C. C. A. 459 (51 Fed. Repr. 689); Clark v. Metropolitan Life Ins. Co., 107 Mich. 160 (65 N. W. Repr. 1).

OPINION BY HEAD, J., March 3, 1911:

The learned court below discharged a rule for judgment for want of a sufficient affidavit of defense and the plaintiff appeals. In the view we take of it the affidavit was sufficient to prevent a summary judgment and the case must proceed regularly to trial and final judgment, from which either party may hereafter appeal. Following the well-settled policy of the appellate courts in such cases, we shall but indicate in the briefest manner possible the reasons for the conclusion we have reached.

It is conceded that the policy of life insurance upon which the action is founded had been permitted to lapse by the nonpayment of premiums. The policy, however, contained the following provision permitting a revival of it in such cases and specifying the conditions under which such revival should become operative: "Should this policy become void in consequence of non-payment of premium, it may be revived if not more than fifty-two premiums are due, upon payment of all arrears and the presentation of evidence satisfactory to the company of the sound health of the insured." The plaintiff's statement avers that an application for the revival of the policy, under the provision quoted, had been made by the insured on or about December 4, 1908, and that with said application she had forwarded all premiums in arrears and had complied with the rules and regulations governing such application. One of these rules required that the applicant should have submitted herself for a physical examination to a physician designated by the company. This she did on December 12, 1908, and the report of the medical examiner was received at the home office on December 14. On the following day, December 15, the person who had been insured by the policy died, not from violence or accident, but from disease. No knowledge of this all-important fact had yet reached the company when on December 21, its general officer took up the application, approved the report of the medical examiner, and stamped upon the policy the assent of the company to its revival. It is not contended that this certificate would operate to revive the policy on a life which had then ceased to exist. No such thing could have been contemplated by either the company or the insured.

On the state of facts set up in the affidavit a summary judgment could have been entered only upon one of two theories, to wit: (a) that when the insured presented her application for revival, tendered the required premiums and procured a favorable report from the medical examiner, the law immediately worked a revival of the

policy, leaving to the company and its officers no discretion whatever; or (b) that because the report of the medical examiner was received on December 14, and had not been formally rejected prior to the moment of the death of the insured on December 15, the law would declare that the application had been approved and that the policy was in force prior to the death of the insured. We think it manifest that the learned court below, on a motion for a summary judgment, could not have adopted either of these theories. It follows that the rule for judgment was properly discharged.

Appeal dismissed at the costs of the appellant but without prejudice, etc.