## Selby *v.* Equitable Beneficial Mutual Life Insurance Company, Appellant.

132

Argued October 11, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James S. Clifford, Jr.,* with him *MacCoy, Brittain, Evans & Lewis,* for appellant.

*Joseph M. Price,* for appellee.

OPINION BY PARKER, J.:

This is an action brought by a beneficiary in an industrial life insurance policy to recover the face of the policy on the death of the insured. The cause was tried before a judge in the Municipal Court of Philadelphia without a jury and resulted in a judgment for plaintiff after refusal of defendant's motions for judgment n. o. v. and for a new trial. The defendant's appeal must be sustained.

The sole question raised by the pleadings and proofs

is whether the policy was in force on August 11, 1939, when the insured died. The plaintiff produced a receipt book which showed that at that time the weekly payments of premium due under the policy were more than four weeks in arrears. Plaintiff, however, contends that defendant by its conduct waived strict compliance with the terms of the policy. If it did the judgment should stand.

The policy, dated November 1, 1937, provided for weekly payments of premiums and contained a condition, printed in the margin,[1] dealing with the subject of delay in making such payments. After the policy was issued the premiums were paid regularly, either three or four days before or after they were due, until April, 1939, when payments began to lag. On June 26, 1939, the payments for premiums for the first time became delinquent for more than three weeks. Thereafter six payments were made, the last payment being made on August 5, 1939, for premium due July 10, 1939, leaving the payments then more than three weeks in arrears.

What was the effect of the defendant's receiving payments after the alleged forfeiture at the close of business on June 26, 1939? It is important to observe that

---

[1] "In no event shall any benefits be paid hereunder unless all weekly premiums shall have been paid ...... No death benefit shall be payable under this Policy if the premiums shall be three or more weeks in arrear at the time of the death of the insured. All rights under this Policy and any and all premiums which shall have been paid shall be forfeited without notice if premiums shall be two or more weeks in arrear. The Association may, however, at its option, permit the same to be reinstated and revived, upon the application of the insured, the production of proof satisfactory to the Association that the insured is in good health at the time of such application, and the payment of all premiums in arrear; but in such case the insured shall be entitled to no benefits whatever for disability or death occurring during the period of one calendar month after the time of such reinstatement ......"

the defendant has insisted that the policy lapsed on that day. Defendant called two of its collectors, one of whom was not in its employ at the time of trial, and they each testified that on receiving the delinquent payments, due more than three weeks, they advised the beneficiary, who paid the premiums, that the policy was "out of benefits." This was denied by plaintiff, and her denial must be accepted in view of the trial judge's finding.

Although the theory of plaintiff's case is not entirely clear she has not seriously attempted to show a reinstatement but rather depended on the contention that the policy had never lapsed because defendant, by its course of conduct, had waived its right to rely on an automatic forfeiture. If all of the premiums due at the time had been paid before the death of the insured and circumstances had been present from which a waiver of the requirement of good health could have been inferred, retention of such premium payments for an unreasonable time might have been found to constitute a reinstatement: *Malchinsky v. Mutual Life Ins. Co.,* 90 Pa. Superior Ct. 1; *Lang v. Bowen,* 125 Pa. Superior Ct. 226, 189 A. 743. Cf. *Pyrich v. Scranton Life Ins. Co.,* 94 Pa. Superior Ct. 159, and *Mitchell v. Alta Life Ins. Co.,* 116 Pa. Superior Ct. 490, 176 A. 785. But mere payment of overdue premiums is not of itself sufficient to constitute a reinstatement: *Mitchell v. Alta Life Ins. Co.,* supra. The plaintiff, having failed to sustain the burden of proof resting on her to show the conditions precedent to a right of reinstatement of the policy, cannot recover on that theory.

We are satisfied that the acceptance of the overdue premiums under the circumstances present here was not sufficient to constitute a waiver of automatic forfeiture. By the plain terms of the policy it lapsed at the close of business on June 26, 1939. After that date the provision for death benefits became inoperative.

In the absence of some special circumstances, such provisions are universally upheld: *Geha v. Baltimore Life Ins. Co.*, 110 Pa. Superior Ct. 236, 240, 168 A. 525; *Lantz v. Vermont Life Ins. Co.*, 139 Pa. 546, 549, 21 A. 80. Nothing was alleged or proven to have been done before the date of the forfeiture which would furnish the basis for a finding that defendant had waived any of the conditions of the policy. The company stood upon this first default and no other one. The assured and the beneficiary, who made all payments of the premiums, knew or should have known the terms of the policy. She might have had it reinstated by paying *all* arrears and furnishing proofs satisfactory to the company of the good health of the insured; then she would have been entitled to death benefits at the end of one calendar month after the time of such reinstatement. None of these things was done. The delinquent dues have never yet been paid or tendered. We do not even have any suggestion that the insured continued in good health or that proof of such state of health was furnished to the company. Under such circumstances it cannot be said that she was misled or "lulled to sleep." The mere payment of a part of the arrears of itself formed no basis for a claim that the company waived the conditions of the policy. The fair inference from the facts proven is that she did not wish to get any farther in default so that when she had funds available she could bring the payments up to date. In fact, the beneficiary testified that she had expected to make these delinquent payments on the day the insured died. The policy provided that no death benefits should be paid "if the premiums shall [should] be three or more weeks in arrear at the time of the death of the insured." She admits such default, and she has failed to sustain the burden that rested on her to prove a waiver.

The case of *Poles v. State Mutual Benefit Society*, 129 Pa. Superior Ct. 297, 195 A. 429, is one in which

a waiver was sustained, but the facts of that case are readily distinguishable from the present case. There the company accepted from the insured payments of premiums on thirty occasions during the year prior to the insured's death when the payments were more than three weeks in arrears. In addition, the company elected to ignore the thirty occasions of default, stood upon the last default prior to the insured's death, and evidenced its intention to waive the prior defaults by tendering to the insured a return of the payments made after the last default, retaining almost a full year's payments after the first default. Here there was but one lapse and the company has stood upon that one, thus furnishing no basis for a claim that the insured or the beneficiary was misled. The equities of the case are as strongly in favor of the company here as they were in favor of the insured in the Poles case.

Judgment reversed and it is directed that judgment now be entered in favor of the defendant.

PER CURIAM, January 30, 1941:

The foregoing opinion was prepared by Judge PARKER before his accession to the Supreme Court. It is now adopted and filed as the opinion of the court.