## Walls v. Prudential Insurance Co.

*Charles G. Notari*, for plaintiff.

*John H. Scott, Jr.,* and *Reed, Smith, Shaw & McClay*, for defendant.

KAUFMAN, J., March 5, 1957.—June P. Walls, plaintiff, sued the Prudential Life Insurance Company, defendant, on a hospital insurance policy. She claims $410 as hospital and surgical benefits* provided by the terms of her policy. The case was tried nonjury and the verdict found for defendant. Exceptions were urged before the court en banc and are to be disposed of in this opinion and order of court.

The annual policy premium of $66.33 due on August 15, 1954, was not paid on that date or within the grace period of 31 days and therefore the policy lapsed.

Sometime before August 15, 1954, plaintiff notified one Mr. Cardinal, agent for defendant company, that she intended to cancel her insurance. When plaintiff did not pay the policy on the due date, Mr. Cardinal in an attempt to keep the insurance in force persuaded plaintiff during the grace period to sign a reinstatement form in blank so that if she changed her mind after the lapse, he would try to reinstate the policy. She was not specifically informed that it was a reinstatement application.

On September 26, 1954, plaintiff contacted Mr. Cardinal by telephone and asked him to continue her insurance coverage. Plaintiff also told him that she was short of money and could not pay the annual premium so Mr. Cardinal told her to send in $35 which would cover a semi-annual premium. The money was sent in, and Mr. Cardinal filled in the blank reinstatement form which plaintiff already had signed and included therein a request for change of payment from annual to semi-annual and sent it on for company processing. Since he received plaintiff's check by mail and he already had the signed in blank form in his possession, he was not in a position to immediately

---

* In November of 1954 she went to the hospital for an operation. The policy provides for payment of $410 for doctor and hospital bills.

hand over the conditional receipt which was attached
to the reinstatement form, and he has no recollection
of later mailing it to the plaintiff. Within a period
of 45 days defendant notified plaintiff that her appli-
cation for reinstatement would be refused unless she
signed a waiver. The waiver excluded from coverage
certain surgical and hospital benefits for an illness
from which she was then suffering and finally resulted
in this suit. Plaintiff refused to accept the waiver,
and defendant sent her a check for $35 in return for
hers.

Plaintiff now claims through her suit that her in-
surance was in force because she sent Mr. Cardinal
a $35 payment and received no conditional receipt.
Therefore, according to her view the policy was rein-
stated by reason of the Act of Assembly May 25, 1951,
P. L. 417, sec. 2, 40 PS §753, subsec. 4, and a provision
of her policy, which reads as follows:

"*Reinstatement:* If any premium after the initial
premium be not paid within the time granted the In-
sured for payment, a subsequent acceptance of pre-
mium by the Company or by any Agent duly author-
ized by the Company to accept such premium, without
requiring in connection therewith an application for
reinstatement, shall reinstate the Policy; provided,
however, that if the Company or such Agent requires
an application for reinstatement and issues a condi-
tional receipt for the premium tendered, the Policy
will be reinstated upon approval of such application
by the Company or, lacking such approval, upon the
forty-fifth day following the date of such conditional
receipt unless the Company has previously notified the
Insured in writing of its disapproval of such applica-
tion. The reinstated Policy shall cover only loss re-
sulting from such accidental injury as may be sus-
tained after the date of reinstatement and loss due to
such sickness as may begin more than ten days after

such date. In all other respects the Insured and Company shall have the same rights thereunder as they had under the Policy immediately before the due date of the defaulted premium, subject to any provision endorsed hereon or attached hereto in connection with the reinstatement."

The above provisions of the Act of Assembly amended the Act of May 17, 1921, P. L. 682, sec. 618, which reads as follows:

" '(C) 3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the insurer or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance.' "

It will be noted that the reinstatement clause, and the Act of Assembly, provides two ways of reinstating a lapsed policy. First, by a subsequent acceptance of premium by the company or by any agent duly authorized by the company to accept such premium without an application for reinstatement. Second, if the company or agent requires an application for reinstatement *and* issues a conditional receipt for the premium tendered and fails to disapprove within 45 days. Plaintiff's contention is that since no conditional receipt was tendered, the second method of reinstatement does not apply; but the first method does because, as it is argued the company received the check, placed it in the bank, plaintiff not knowing that she had signed in blank the application for reinstatement or that such application was being used.

The court does not agree that the first part of the reinstatement clause is effective to continue plaintiff's insurance. To invoke it there must be 'a subsequent acceptance of the premium by the company or by any agent duly authorized by the company to accept such

premium'. The premium of $66 was never offered nor accepted. Since this policy of insurance contained an "entire contract clause," Mr. Cardinal could not orally over the telephone modify the terms of the policy by reducing the premium due to $35. According to the policy, only an executive officer of the company had the power to change the terms of the contract and then such change in terms would have to be endorsed on or attached to the policy. See Kash v. Sun Life Assurance Co. of Canada, 140 Pa. Superior Ct. 478.

The policy here could only be reinstated upon approval of the application or lacking such approval upon the forty-fifth day following the date of the conditional receipt unless the company has previously notified the insured of its disapproval.

The fact that the company did not issue a conditional receipt as is required by law cannot be taken advantage of by the company; but where such failure is not relevant to the issue, it cannot be used by a plaintiff to found a claim.

Whether the conditional receipt was or was not given to plaintiff in the instant case is of no importance here since there is no denial by defendant that the check was received on September 27th or that the notice of disapproval of the application for reinstatement was not received by plaintiff within 45 days.

A theory that plaintiff can recover because defendant by its course of conduct waived its right of automatic forfeiture is not tenable under Selby v. Equitable Beneficial Mutual Life Insurance Company, 143 Pa. Superior Ct. 131.

This case resolves itself simply into a situation where the policy lapsed, the grace period expired and the company refused to reinsure without a waiver of certain conditions to which the plaintiff would not consent. The court en banc sees no reason to change the verdict of the trial court.