## Beard v. Motorists Mutual Insurance Co.

*Jon M. Lewis*, for plaintiffs.
*Kunkle, Walthour & Garland*, for defendant.

LOUGHRAN, *J.*, December 7, 1978—This case arises as the result of an action in assumpsit commenced by plaintiffs against defendant to recover benefits pursuant to the provisions of an automobile insurance policy issued by defendant. An answer was filed by defendant setting forth that the policy upon which suit had been instituted had been cancelled for non-payment of a premium.

At the trial of the case herein plaintiff wife testified that she had received a notice of failure to pay to defendant insurance carrier a premium for an insurance policy on a vehicle that her husband had recently purchased and that she returned the cancellation notice with payment by a check she wrote for the required premium. She indicated that check No. 152 dated September 5, 1975, payable to defendant insurance company, was mailed on September 5, 1975, so that it would arrive within the specified time at defendant's Columbus, Ohio, address. She stated she properly addressed the envelope, recalls placing the check in the envelope, stamping the envelope and placing it in the mailbox in Ligonier, Pa.

Also produced at the trial were a series of cancelled checks and the check register which supported the testimony of plaintiffs in that the check stub was in proper sequence.

Further testimony was offered by plaintiff of a postal service employe indicating the time period that it would take a letter to go from Ligonier, Pa. to Columbus, Ohio, "in the due course of mails."

Defendant, Motorists Mutual Insurance Company, countered the testimony presented by plaintiffs through the testimony of an officer of defendant corporation that the check of plaintiffs was not

received. The case was tried before the Honorable Charles H. Loughran on April 19, 20 and 21 of 1978, with the jury rendering a verdict in favor of plaintiffs in the amount of $8,612.14. Defendant filed a motion for judgment n.o.v. and a motion for a new trial and it is the disposition of these two motions which is before the court en banc at this time.

Defendant initially makes an argument that the notice of cancellation sent by defendant company to plaintiff did not authorize payment by mail and cites as support for this proposition the case of Beeman v. Supreme Lodge S. of H., 215 Pa. 627, 64 Atl. 792 (1906). The Beeman case is distinguishable factually on the ground that the letter was deposited in *insufficient* time to be delivered at the appropriate time in order to let the insurance policy lapse. Further, the Beeman case was essentially decided on the fact that:

"The by-laws provided a method by which the member could compel the lodge to reinstate him, and also method by which the widow could enforce her claim to death benefits. The mode pointed out was not followed, and hence the present action cannot be maintained. The by-law in question does not deprive the beneficiary of her right to enforce her claim in a court of law, but provides that before any suit at law or in equity shall be instituted, the remedies provided by the society shall first be exhausted."

Thus, the regulation in Beeman is distinguishable since the Beeman case was decided on an exhaustion of remedy issue. Plaintiff failed to properly submit her claim; therefore, Beeman is distinguishable on that factual issue as well as the fact

that the presumption of receipt in due course of the mails was rebutted by the fact that it was not deposited in sufficient time to be received.

In further support of this position defendant cites the case of Friedburg v. The Bull Dog Auto Fire Insurance Association, 31 Dauph. 235 (1928). In Friedburg, the company did not expressly authorize a policyholder to transmit a premium by mail. However, the court found an implied authorization by mail and stated at page 237:

"If the insurance company, expressly or by implication, authorizes a policy holder to transmit a premium by mail, and the remittance is put in the mails in time to reach the company, in due course, on or before the date when the premium falls due, it will be regarded as a sufficient payment. Ill. Life Ins. Co. v. McKay (Ga.) 64 S.E. 1131. In such a case the insured uses the United States Mails as his agent with the assent of the company."

Plaintiffs' verdict was upheld. Thus, it appears that Friedburg is not held for the same proposition as that indicated in defendant's brief. Friedburg should be cited for the proposition that prior dealings of an insurance company as well as express provisions of the policy may be used to indicate the proper authority for remittance and in this case that remittance would be by mail. Hence, it is the opinion of this court that, since defendant insurance company used mail to notify plaintiff of premium due, it impliedly authorized plaintiff policy holder to transmit her premium by mail and as well use the United States mails as her agent with the assent of defendant company.

Defendant argues in its brief in its second argument that a check is a conditional payment and not

absolute payment; therefore, it should not be considered as payment. However, it is suggested to the court that a more correct statement of the law would be that a check is payment. A case that came up recently in this regard is Douglass v. Grace Bldg. Co., Inc., 447 Pa. 289, 383 A. 2d 937 (1978). In that case, which involved a redemption at a treasurer's tax sale, a check was given in payment. Further, there was a requirement that payment was accepted only by cash, money order or certified check. This is distinguishable from the case at bar, because the case at bar indicates payment not limited as in Douglass. That case put to rest the idea that payment by check is not equivalent to paying by cash, certified check or money order in a treasurer's office. Of course, in Pennsylvania prior to that date there were numerous cases that held that payment should be accepted only by cash or certified funds. But the court stated, at p. 940:

"We believe, however, that the court's reliance on these Nineteenth Century cases is misplaced, because those cases did not take into account the realities of modern-day banking procedures. . . . With modern banking procedure, checks are a promise to pay for only a short period, as the collection process employed by commercial banks normally involves a short period. A treasurer will today know whether a check has been paid or dishonored shortly after processing a check."

The presumption that a check sent by the insured through the mail was received by the insurer, is not overcome by interested and vague testimony by the insurer that it was not received: 21 Appleman on Insurance Law and Practice §21, Pt. 31. See also Fish v. American Nat. Ins. Co., 137 F. Supp. 902

(D.C. Pa. 1956), aff'd 241 F. 2d 175 (3rd Circ. 1957). In view of Douglass, it would not be necessary to make inquiry as to whether or not plaintiffs had sufficient funds in their bank at time of trial. Defendant, if it so chose, could have found out that they did have sufficient funds; however, it did not do so. That argument was made to the jury by defendant; however, the jury in its verdict must have rejected the argument. There was proper proof that there was a mailing and that this mailing was payment.

Defendant argues that the court erred in this charge as to the burden of proof in that the court should have called to the attention of the jury "that if in their deliberation the weight of the evidence was equally balanced the defendant should prevail."

Defendant cites no case or authority for this proposition and it is the belief of this court that this was not the proper status of the law at the time this honorable court charged the jury and to the court's knowledge it is still not the law of this Commonwealth.

The crux of defendant's argument for judgment n.o.v. and/or a new trial for the most part is set forth in 29 Am. Jur. 2d, §198, at pp. 251, 252, which states the major problem in this case as follows:

"The presumption that a letter properly mailed was received by the addressee is not conclusive, but may be rebutted by evidence showing that the letter was not in fact received. Some authority holds that the presumption is entirely overcome by the uncontradicted testimony of the addressee that the letter was never received, but the rule followed by *most* of the courts is that the denial of the receipt of the

letter raises an issue of fact to be determined by the jury.

"[T]he presumption arising from proof of mailing a communication has been held not to be overcome by the testimony of the addressee that he does not remember whether he received it, but that he is inclined to think that he did not, or that he did not remember seeing it, or by the testimony of an officer or employee of a firm showing that he did not receive the communication, without a showing that no one else in authority received it. Similarly, the denial of receipt of a letter by company officials in charge of a branch office to which the letter was mailed will not overcome the presumption of its receipt.

"There is authority to the effect that the presumption that a letter properly mailed was received by the addressee is not evidence and has no weight as such, but is merely a rule controlling the duty of going forward with evidence. There is other authority holding that the presumption continues as evidence, even in the face of controverting evidence, to be considered in the light of all the facts and circumstances adduced on the trial, and to be given such weight as the triers think it entitled to in determining the fact at issue—that is, whether the mailed letter was received."

Pennsylvania courts are apparently silent on this subject but it was the feeling of this court at the time of trial and it is still the feeling of this court that the presumption raised and the presumption rebutted are factual issues that should be submitted to the jury; hence the court spent considerable time explaining this to the jury at page 196 of the record where the charge reviews this entire concept

for the jury's consideration. The jurors, therefore, as finders of factual evidence by their verdict believe the check was mailed and that sufficient proof of payment was made to entitle plaintiffs to their verdict.

Defendant's motion for new trial and judgment n.o.v. are denied and plaintiffs are entitled to judgment on the verdict.

### ORDER

And now, December 7, 1978, after due and careful consideration of the within case, it is hereby ordered, adjudged and decreed that defendant's motions for new trial and judgment n.o.v. are denied and plaintiffs are entitled to judgment on the verdict.