# White *v.* Metropolitan Life Insurance Company, Appellant.

*Insurance—After insurance—Proofs of death—Waiver.*

Where a policy of life insurance requires that proofs of death shall be made upon blanks to be furnished by the company, and it appears that demand was made upon the company on the day after the insured's death, and this demand was refused on the sole ground that the policy had lapsed because of nonpayment of premiums, and it also appears that the company had neither furnished nor offered to furnish the blanks, the company cannot demand binding instructions in favor of itself upon the ground that proofs of death were not furnished.

*Insurance   Revival of policy—Waiver of conditions as to health.* ·

Where a policy of life insurance contains a provision that if the policy should become void in consequence of nonpayment of premium it might be revived " upon payment of all arrears, and the presentation of evidence satisfactory to the company of the sound health of the insured," and it appears that after a policy had become void, an amount was paid to the company sufficient not only to cover premiums in arrears, but also future premiums to a date beyond the death of the insured, and the company retained this money for five weeks until the death of the insured, without requesting any proof as to the soundness of his health, it is not error for the court to submit to the jury the question whether the company had reasonable time within which to determine what its action would be, and whether the retention of the money did not indicate a determination to revive the policy. In such a case the beneficiary of the policy when the money was paid was under no obligation to surrender the policy so that the revival might be indorsed upon it.

Argued Oct. 14, 1902. Appeal, No. 75, Oct. T., 1902, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1897, No. 554, on verdict for plaintiff in case of John J. White Administrator of Phillip Callaghan, Deceased, v. Metropolitan Life Insurance Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit upon a policy of life insurance.

The facts are stated in the opinion of the Superior Court.

Defendant presented the following points :

. 1. Under all the evidence your verdict must be for the defendant. *Answer :* Refused. [4]

2. As the original policy had lapsed and become void, in ac-

cordance with its terms, it could be revived only by appropriate action on the part of the insurance company. There is no evidence of such action on the part of the insurance company. The policy continued lapsed and the plaintiff cannot recover. *Answer:* I decline that point. The revival does not depend upon the action of the insurance company. It depends upon the provisions of the policy and the rights which are given to both sides under that policy, and no one party can determine its features. [5]

3. The renewal premium was received by the agent for the insurance company conditionally, and no liability, except to return it if a renewal of the policy were refused, was thereby incurred by the insurance company. *Answer:* Refused. [6]

5. If the original policy was revived, it nevertheless again lapsed and became void before the death of the insured, through the nonpayment of premiums. The plaintiff, therefore, cannot recover under the policy in suit, either as originally issued or as revived. *Answer:* Refused. [7]

7. If the learned court declines to charge the jury as requested in the second point, then, but then only, it is respectfully requested to charge the jury as follows : As the original policy had lapsed and become void, in accordance with its terms, it could be revived only by appropriate action on the part of the insurance company; the mere deposit with Agent Perry of money to pay the revival premium was not alone sufficient to revive the policy, for the terms of that deposit are stated in the receipt offered in evidence. Unless, then, you find from other circumstances than this deposit that the policy was revived, it continued lapsed and the plaintiff cannot recover. *Answer:* Refused. [8]

Verdict and judgment for plaintiff for $267.87. Defendant appealed.

*Errors assigned* were (4–8) above instructions, quoting them.

*Hazard Dickson,* for appellant.—That the revival of a policy involves a new contract, and that mere negotiations alone, without an agreement between the parties, will not suffice, has frequently been held : Lantz v. Vermont Life Ins. Co., 139 Pa. 546.

The conditions prescribed in the policy are precedent and must be performed by the policy holder. Mere inaction by a policy holder who makes no effort to perform the conditions, and consequent silence by the insurer, will not constitute a waiver by the insurer of any of his rights: Gould v. Dwelling-House Ins. Co., 134 Pa. 570; Freedman v. Providence Washington Ins. Co., 175 Pa. 350; Clark v. Metropolitan Life Ins. Co., 107 Mich. 160 (65 N. W. Repr. 1).

*M. Z. Paul*, with him *Crawford & Loughlin*, for appellee.— No proof of loss is necessary when the insurance company disclaims liability: Dooley v. Hanover Fire Ins. Co., 47 Pac. Repr. 507; Hicks v. British American Assur. Co., 43 N. Y. Supp. 623; Dennis v. Citizens Ins. Co., 4 Pa. Superior Ct. 225; Jefferson v. German American Mut. Life Ins. Assn., 69 Mo. App. 126.

The acceptance and retention by an insurance company of premiums paid on an insurance policy, after it has full knowledge of a breach of warrant in the application for such policy, is a waiver of the breach: Flannigan v. Prudential Ins. Co., 46 N. Y. Supp. 687.

Whether the company waived a condition in the policy is a question for the jury: Inland Ins. & Deposit Co. v. Stauffer, 33 Pa. 397; Metropolitan Life Ins. Co. v. Drach, 101 Pa. 278.

OPINION BY RICE, P. J., April 20, 1903:

The policy in suit was issued and accepted subject to the following provision indorsed upon the back of it, and made part thereof by express reference: " Should the policy become void in consequence of nonpayment of premium, it may be revived, if not more than fifty-two payments are due, upon payment of all arrears and the presentation of evidence satisfactory to the company of the sound health of the insured." This was designated as one of the " privileges and concessions to policy holders." Payments of the weekly premiums of fifteen cents each ceased on June 15, 1896, but on November 24, 1896, the beneficiary paid to the defendant's agent with the intention to revive the policy, the sum of $5.25, which was sufficient to satisfy all arrears, and also to pay the premiums that would fall due up to February 10, 1897. The agent gave this receipt, dated

November 24, 1896 : "Received from Miss Callaghan 5.25 dollars being deposit with me made with revival application of this date to Metropolitan Life Insurance Company. No obligation is incurred by said company by reason of this deposit. If application is accepted by said company in accordance with the warranty signed this date, the undersigned will pay the money to the company upon the revived policy, otherwise will return the deposit." Indorsed on the back of the receipt was a direction to the effect that if the holder should not receive a policy or the return of the money within three weeks, she should write to the secretary of the company in New York stating name of agent and particulars. The agent was called as a witness by the defendant and on cross-examination testified that he turned over the money to the company within a day or two after he received it. The insured died on January 1, 1897. There was no offer to return the money prior to that time.

The action was defended upon the grounds : first, that the negotiations for the revival of the policy, which had lapsed under its terms because of the nonpayment of premiums, were yet inchoate when the decedent died ; second, that even if revived, the policy again lapsed because of the subsequent nonpayment of premiums ; third, that the condition of the policy which reads, " Proofs of death under this policy shall be made upon blanks to be furnished by the company," etc., was not complied with.

The second groun of defense was based upon the mistaken assumption that the payment of November 24 was only sufficient to cover the premiums in arrear ; and in view of the fact that it was sufficient to pay all premiums that fell due in the decedent's lifetime, this ground of defense need not be further considered.

There was a dispute as to what occurred after his death, but if the plaintiff's witness is to be believed, she demanded payment of the amount of the policy the day after his death, which was refused, the company coupling its refusal with a denial of liability exclusively upon the ground that the policy had lapsed because of nonpayment of premiums. In view of the evidence and the further fact, which was undisputed, that the company neither furnished, nor offered to furnish, the blanks, it would

have been gross error to give binding instructions for the defendant upon the ground that proofs of death were not furnished.   These are a condition precedent not to the undertaking of the insurer, but to the bringing of an action, and waiver thereof may be inferred from such facts as we have stated, upon the principle that the insurer having led the policy holder to suppose that a compliance with the preliminary formalities would be unavailing cannot after suit brought set up the want of such preliminaries : Pennsylvania Fire Ins. Co. v. Dougherty, 102 Pa. 568 ; Lebanon Mut. Ins. Co. v. Erb, 112 Pa. 149 ; Weiss v. American Fire Ins. Co., 148 Pa. 349 ; Snowden v. Kittanning Ins. Co., 122 Pa. 502, 510.   See also Freedman v. Providence Washington Ins. Co., 175 Pa. 350, 359 ; Welsh v. London Assurance Corp., 151 Pa. 607.   It is unnecessary to cite other authorities or to further discuss this branch of the defense.   We come then to the question of the revival of the policy.

There were but two things required to revive the policy, first, the payment of all arrears ; second, the presentation of evidence, satisfactory to the company, of the soundness of health of the insured.   Upon fulfilment of these conditions the policy would be revived without further action ; it was not essential that the assent of the company to the revival be indorsed on the policy.   Hence no presumption of law or inference of fact is to be raised against the beneficiary because she did not surrender the policy at the time she made the payment or afterwards.   It was not part of the contract that this should be done in order to entitle her to the benefit of the revival clause. As the learned trial judge properly said, the policy belonged to her, and she was entitled to retain it as the evidence of her right.   Nor are we prepared to give our assent to a construction of the revival clause which would relieve the company under any and all circumstances from the obligation of indicating to the policy holder the kind of evidence that would be satisfactory.   It is clear, however, that mere conditional acceptance of the premiums in arrear under the circumstances stated at the outset of this opinion would not, of itself, revive the policy.   The company was entitled to a reasonable time within which to determine whether it would accept the application for revival upon the evidence already in its possession or would

demand the production of other evidence, and if so, to determine what its character should be. But where, as was the case here, nothing was said upon the subject at the time of the payment of the money or later, and the money was retained by the company beyond the reasonable time above indicated, and especially if it was sufficient in amount to cover not only past but future dues, the natural and reasonable inference would be that the company was satisfied as to the soundness of the health of the insured and waived the production by the policy holder of evidence of that fact. We cannot say that under such circumstances the attempted revival of the policy would be defeated by the omission of the policy holder to take the initiative and to proceed with the production of evidence until the company expressed satisfaction with it both as to quantum and quality. On the contrary we are of opinion, that the learned trial judge committed no error, of which the defendant can justly complain, in submitting to the jury the question whether the company had reasonable time (nearly five weeks) within which to determine what its action would be, or in accompanying the submission of that question with the following instructions relative to the effect of the company's retention of the money : " After the lapse of that reasonable time, if the company retained the money, then it is for you to say whether or not the purpose of the retention of the money was not to express their approval of the policy as it existed, and indicate a determination to revive it."

All the assignments of error are overruled and the judgment is affirmed.