# Ryan, Appellant, *v.* Prudential Insurance Company.

*Insurance—Life insurance—Forfeiture—Revival of policy.*

Where an application is made to an insurance company to revive a forfeited policy and the application is accompanied by a statement of the local agent that the applicant is sick at the time, with a recommendation by the agent that the application be granted for advertising purposes, the delay of the company for two weeks, and until after the death of the applicant, in passing upon the question, will not be presumed to be an acceptance of the premiums accompanying the application.

Argued Feb. 26, 1907.   Appeal, No. 24, Jan. T., 1906, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1903, No. 145, refusing to take off nonsuit in case of Bridget Ryan, Administratrix of the Estate of Mary Menningham, deceased, v. Prudential Insurance Company of America.   Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a policy of life insurance.   Before WHEATON, J.

On motion to take off nonsuit, WHEATON, J., filed the following opinion :

The defendant, on March 11, 1901, and October 20, respectively, issued two policies of insurance on the life of plaintiff's decedent.

Both of these policies afterwards lapsed for failure to pay premiums.

December 3, 1902, the insured made a written application for a renewal or revival of said policies.

This application contained the following provisions : ." I hereby declare that I am in as good state of health as when

the said policies were issued, and having allowed them to become lapsed I wish to renew them, upon the understanding that they will not be in force, although I now pay the arrears, until the company shall have consented to revive the same."

At the time of making the application the applicant gave to the local agent the amount of the arrears, $10.00, a revival receipt containing the following provision : " Under no circumstances will the company be liable under said policy in case of default, until the policy has been revived on the books of the company and the money credited in the premium receipt book belonging to said policy."

At the time when the application to revive was made the applicant was sick; she died fifteen days afterwards.

On December 5 or 6, 1902, the collector to whom the application to revive had been given by the applicant, turned it over to the local cashier, and it was then forwarded to the home office of the company at Newark, New Jersey, with a report of the collector that the applicant was sick, but recommended that as a good advertisement that the policies be revived. The company, however, declined to renew or revive the policies, and so reported to the local agent.

The $10.00 were then offered to plaintiff, who was a sister of the applicant, but who had not at that time taken out any letters of administration. They were refused by her.

The plaintiff claims that there was no offer to return the money until about January 9, 1903.

The failure of the company to act promptly upon the application to renew is the basis of the plaintiff's claim.

The applicant's right to a revival of her lapsed policies, in the light of the terms imposed by the company, and assented to by her, was no greater than her right to receive a policy upon an original application therefor. This being the case, in the absence of a stipulation as to the time within which the company should act, the mere lapse of two weeks would not in itself warrant a presumption of acceptance. Particularly would this be true where, as in the case at bar, the application contained a misrepresentation as to the health of the applicant.

It must be borne in mind that the applicant died on December 18, 1902, fifteen days after the application to renew was made by her.

It can hardly be argued that the failure of the company to take action by way of accepting or rejecting her application could continue after her death.

As to the return of the money, there appears to have been no one who had any lawful authority to receive it after the applicant's death, until letters of administration were taken out, which was not until 1903.

Upon the whole case we are of the opinion that the nonsuit was properly entered.

Rule to take off the nonsuit is therefore refused.

*Error assigned* was refusal to take off nonsuit.

*James H. Shea*, with him *E. A. Lynch* and *T. M. Herbert*, for appellant.—The receipt and acceptance of the premium makes the company liable : McQuillan v. Mutual Reserve Fund Life Assn., 56 L. R. A. 233 ; Rasmusen v. New York Life Ins., 91 Wis. 81 (64 N. W. Repr. 301) ; White v. Ins. Co., 22 Pa. Superior Ct. 501.

*John T. Lenahan*, for appellee, cited : Smith v. Mutual Life Ins. Co., 196 Pa. 314.

OPINION BY BEAVER, J., April 15, 1907 :

Two policies of insurance upon the life of Mary Mennighan, which had undeniably lapsed for nonpayment of premiums, were sought to be revived, under circumstances and upon conditions contained in the said policies, fully set forth in the opinion of the trial judge in the court below in overruling the motion to take off the judgment of nonsuit. The facts are so clearly stated in that opinion that it is unnecessary to restate them here. The decedent died within fifteen days after the payment of the money required to secure the revival.

It cannot, of course, be said that the defendant was misled by the representations of the decedent that she was in good health, because her application was accompanied by a statement of the agent that she was sick at the time. He recommended the revival of the policies, not on the ground that the risk was good, but that such action by the company would be a good advertisement.

No intimation of any intention to revive was conveyed to the decedent in her lifetime. There is nothing in the stipulations in the policy or in the rules of the company, so far as they have been brought to our attention, which requires action on the application for a revival within a stipulated period.

We quite agree with the court below, therefore, that " the mere lapse of two weeks " in passing upon the question of revival " would not in itself warrant a presumption of acceptance." The determination as to the revival involved a broad question of policy which the executive officers of the company might well have hesitated about adopting, even if they had any authority to revive on any other basis than that of good health, of which there is no evidence whatever, and, inasmuch as the question was undetermined at the death of the decedent, it can scarcely be expected that the company either could or would assent to the revival thereafter, even as an advertisement.

This case is, in no sense, similar to White v. Metropolitan Life Ins. Co., 22 Pa. Superior Ct. 501. In that case, without any representation or proof as to the condition of health of the defendant, money sufficient to pay the premiums in arrear, and also future premiums to a date beyond the death of the insured, having been paid, and the company having retained the same, without requesting any proof as to the soundness of the health of the applicant, we held it was not error for the court to submit to the jury whether the company had reasonable time within which to determine what its action would be, and whether the retention of the money did not indicate a determination to revive the policy.

The money was returned from the home office of the company to the agent, and offered to be returned to the present plaintiff before letters of administration upon the decedent's estate had been issued to her. Whether her refusal to accept was based upon the fact that she had no legal right to do so need not now be considered. The defendant did all that was in its power in relation to the return, and cannot be held responsible for the acts or delays of the plaintiff.

The nonsuit having, in our opinion, been properly entered, the court cannot be convicted of error in refusing to remove it.

Judgment affirmed.