# Palen, Appellant, *v.* International Lumber & Development Company.

*Practice, C. P.—Affidavit of defense—Rule for judgment—Review on appeal—Act of April 18, 1874, P. L. 64—Stock subscription.*

1. The Act of April 18, 1874, P. L. 64, allowing an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense, was intended to reach only clear cases of error of law, and in doubtful cases, especially those requiring broad inquiry into the facts, the matter in controversy should go to a jury trial.

2. In an action by an executrix to recover from a corporation installments paid on account of stock subscription, it appeared that the contract provided that if the subscriber died "during the life of this contract," the company would refund to the legal representatives of the subscriber the installments paid upon proof of death within sixty days and surrender of the contract. There was an alternative provision that the representatives of the decedent might elect if they chose to take full paid stock certificates in the amount paid. An affidavit of defense was filed averring that no proofs of death were furnished, that no notice of death was given until seven months afterwards, that the plaintiff had elected that the contract should be carried out, and had accepted dividends from the company. *Held*, that the case was one for submission to a jury.

Argued Dec. 16, 1913. Appeal, No. 194, Oct. T., 1913, by Anna Palen, Executrix of Elizabeth Palen, deceased, from order of C. P. No. 5, Phila. Co., Dec. T., 1912, No. 444, discharging rule for judgment for want of a sufficient affidavit of defense in case of Anna Palen, Executrix of Elizabeth Palen, deceased, v. International Lumber & Development Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for installments on stock subscription.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*J. M. Mitcheson,* with him *W. Nelson L. West,* for appellant.

*Olin Bryan,* for appellee.—An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed by the Supreme Court in doubtful and uncertain cases, but only in such as are very clear and free from doubt: Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388; No. 2 Assistance B. & L. Assn. v. Wampole, 6 Pa. Superior Ct. 238; Hostetter v. United Brethren Mut. Aid Soc., 106 Pa. 636.

RICE, P. J., February 20, 1914:

In a long line of cases, beginning with Griffith v. Sitgreaves, 81 * Pa. 378, it has invariably been held, both by the Supreme Court and by this court, that the Act of April 18, 1874, P. L. 64, allowing an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense, was intended to reach only clear cases of error of law, and that in doubtful cases, especially those requiring broad inquiry into the facts, the matter in controversy should go to a jury trial. Concluding, as we do, after careful consideration, that the appeal in the present case is within this well-settled rule, we shall not discuss the merits of the case, or the principles of law applicable to it, further than is necessary to show the grounds of our conclusion.

The action was brought to recover the amount of certain installments paid by Elizabeth Palen to the defendant under three separate contracts of stock subscription. Each of the contracts provided that the defendant should do certain development work within the period ending January 1, 1912, and that should the subscriber die "during the life of this contract" the company, within sixty days after proof of her death duly made to it, and upon the surrender of the contract, would refund to her legal representatives the amount of all installments paid by her, and that there-

upon the contract should be null and void. It is upon this clause of the several contracts that this action was brought. It is undisputed that proof of death was not furnished to the company; but it is claimed that a waiver of this condition precedent to the bringing of suit is to be legally implied from the admitted fact that, in replying to a letter of February 15, 1912, from the plaintiff's attorney to the defendant, the latter denied, exclusively on other grounds, all liability under the clause of the contract above referred to. This question could be more satisfactorily determined, if the letter to which the defendant's letter was a reply were before us. But, assuming that its substance is correctly summarized in the statement of claim, it would seem clear that, if the liability of the company to refund were established and the defense rested exclusively on the failure to furnish proof of death sixty days before bringing suit, a waiver of this condition would be implied from the defendant's letter, upon the principle that the defendant, having led the plaintiff to suppose that a compliance with the preliminary formalities would be unavailing, could not, after suit brought, set up the want of such preliminaries. See White v. Metropolitan Life Ins. Co., 22 Pa. Superior Ct. 501. But the liability of the company to refund is not undisputed, and the meritorious defense does not rest exclusively upon the failure to furnish proof of death, although, as will be seen later, this was a relevant fact. On the contrary, defendant alleges that the plaintiff elected to have the benefit of an alternative provision of the contracts, which immediately follows the provision already referred to and reads as follows: "but the full force and effect of this contract may be carried out, provided the heirs, executors or administrators of the said party of the second part, deceased, shall so elect, or said heirs, executors or administrators may take contracts for full paid stock certificates for the amount paid, which amount shall be entitled to dividends. Certificates for such shares shall

be issued at the end of the development period." It is to be noticed that the contract does not prescribe the mode in which the election to have "the full force and effect of the contract carried out" shall be expressed. In the absence of such provision as to the mode, an election not to surrender the contract and thereupon to claim a refund of the installments paid, but to keep the contract in full force and effect and to have the benefits accruing from its being carried out, may be implied from unequivocal acts which show that such was the intention of the decedent's legal representative, to whom the right so to elect was given. The averment of the affidavit of defense, that the "plaintiff did elect that the full force and effect of said contracts be carried out," standing alone, would be subject to the objection urged by appellant's counsel, that it is a mere swearing to a legal conclusion. But it is coupled with the averments, that the plaintiff did not in any manner bring notice to the defendant of the death of the testatrix (which it is alleged in the statement of claim occurred in July, 1911) until upwards of seven months afterwards; further, that no proof of death was furnished, and that the plaintiff accepted dividends from the defendant, not only in October, 1911, but in February, 1912, which was after the expiration of the development period. These and other averments of paragraph 5 of the affidavit of defense as to the conduct of the plaintiff tend to sustain the defendant's allegation that she elected not to withdraw from the company under the provision first referred to, but to accept the benefits of the provision last quoted. And if there was such election, it is not made clear by anything now presented, which we can consider, that she could subsequently retract it and compel a refund of the installments paid by the testatrix. The case may present a different aspect when all the facts are fully developed and the action of the plaintiff in accepting dividends, particularly that of February, 1912, is fully explained, as it is

said in the appellant's brief it can be.   But as the case is now presented, we cannot say that the court committed "clear error of law" in holding that the affidavit of defense was sufficient to prevent summary judgment.

The appeal is dismissed at the costs of the plaintiff, but without prejudice to her right to trial by jury and a second appeal after final judgment.