## Williams, Appellant, *v.* Universal Life, Health and Accident Insurance Company.

*Practice, C. P.—Affidavit of defense—Appeal from order discharging rule for judgment—Doubtful case—Equally divided court.*

An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed in a doubtful case, and if the six judges who hear the case are equally divided in opinion upon it, the appeal will be dismissed without the appellate court discussing the questions involved.

Argued April 26, 1915. Appeal, No. 169, April T., 1915, by plaintiff, from order of C. P. Allegheny Co., Oct. T., 1914, No. 2,248, discharging rule for judgment for want of a sufficient affidavit of defense in case of John A. Williams v. Universal Life, Health and Accident Insurance Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Appeal dismissed.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*E. C. Irwin,* with him *Watson & Freeman,* for appellant.

*C. B. Mehard,* of *Mehard, Scully & Mehard,* for appellee.

PER CURIAM, May 14, 1915:

This is an appeal by plaintiff from the court's refusal of judgment for want of a sufficient affidavit of defense. The difficult question in the case arises upon the construction of the contract sued on, and particularly clause (d), which is quoted in the opinion of Judge WAY, of the county court. The question is whether the plaintiff was entitled to a minimum salary of $1,500 after the expiration of the fourth year. We refrain from discussing the questions because the six judges who heard the case are equally divided in opinion upon it, therefore the case must go to a jury trial, where all the facts which legitimately can aid in the construction may be fully developed. See Griffith v. Sitgreaves, 81* Pa. 378; Kidder Elevator Co. v. Muckle, 198 Pa. 388; Palen v. International Lumber, etc., Co., 56 Pa. Superior Ct. 334.

The appeal is dismissed at the cost of the appellant, but without prejudice, etc.