Sykes, Appellant *v.* United Insurance Company.

Argued October 2, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ., (GUNTHER, J., absent).

*Joseph N. Bongiovanni, Jr., for appellant.*

*H. Francis DeLone,* with him *Barnes, Dechert, Price, Myers & Clark,* for appellee.

OPINION BY RENO, J., November 15, 1950:

In this assumpsit action by the wife-beneficiary upon a life insurance policy issued to her husband, the trial judge directed a verdict for defendant and the court en banc refused plaintiff's motions for judgment n.o.v. and a new trial.

The policy, dated May 21, 1948, provided for quarterly premiums of $31.47. The second premium, due August 21, 1948, was not paid until after the grace period of 31 days had expired. On September 26, 1948, the husband was admitted to a hospital, suffering from miliary tuberculosis and tubercular meningitis. Four days after his admission, September 30, 1948, an agent of defendant's Philadelphia district office, called at appellant's home at her request, accepted from her $30 on account of the overdue premium, and gave her a receipt written on the back of his business card. On the following day another district office agent received $1.47, the balance of the premium. On October 5, 1948, appellant's husband died from the causes diagnosed upon his admission, and defendant's Philadelphia office learned of his death the same day.

Several provisions of the policy are pertinent: (1) "All premiums after the first are payable, on or before their due date, at the Home Office of the Company, [at Chicago, Illinois] but may be paid to an authorized agent of the Company in exchange for an official premium receipt signed by the President, a Vice President

or the Secretary of the Company and countersigned by such authorized agent." (2) "No condition, provision or privilege of this policy can be waived or modified in any case except by an endorsement hereon signed by the President, a Vice President or the Secretary of the Company. No agent has power on behalf of the Company to make or modify this contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the Company by making any promise or representation or by receiving any information." (3) "This policy may be reinstated . . . upon receipt at the Home Office of evidence of insurability satisfactory to the Company and payment of overdue premiums with interest thereon from their respective due dates at five per cent per annum payable annually."

The receipt issued by the agent was not the official receipt contemplated by provision (1) above, and no evidence of insurability required by provision (3) above was submitted to defendant. Nevertheless, appellant contends that the company accepted the premium unconditionally, without requiring proof of continuing insurability, and waived that requirement of the policy. The contention cannot be sustained. Appellant carried the burden of showing fulfillment of the conditions precedent to the right of reinstatement, and failed to discharge it. Mere payment of an overdue premium does not constitute a reinstatement. *Selby v. Equitable Beneficial Mutual Life Ins. Co.*, 143 Pa. Superior Ct. 131, 17 A. 2d 696.

The general principle is that where an insurance company retains overdue premiums beyond a reasonable time without requiring evidence of insurability, the right to such evidence may be found to have been waived. *White v. Metropolitan Life Ins. Co.*, 22 Pa. Superior Ct. 501; *Malchinsky v. Mutual Life Ins. Co.*, 90 Pa. Superior Ct. 1; *Selby v. Equitable Beneficial Mutual Life Ins. Co.*, supra. Cf. *Iwankow v. Colonial*

*Life Ins. Co.,* 120 Pa. Superior Ct. 114, 181 A. 870; *Fishman v. Eureka-Maryland Assurance Corp.,* 120 Pa. Superior Ct. 490, 183 A. 98.

If insured falsely certifies that his health is good, acceptance of overdue premiums does not serve to reinstate the policy. *Duffy v. Alta Friendly Society,* 17 Pa. Superior Ct. 531. Nor does the insurance company lose its right to demand evidence of insurability where the proceeds of the premium cannot be traced into the company's hands, and the insured did not possess an official receipt. *Pyrich v. Scranton Life Ins. Co.,* 94 Pa. Superior Ct. 159; *Geha v. Baltimore Life Ins. Co.,* 110 Pa. Superior Ct. 236, 168 A. 525.

Whether defendant had a reasonable time in which to determine whether it would accept the past-due premium payment without requiring evidence of continued insurability is ordinarily a question of fact for the jury. *White v. Metropolitan Life Ins. Co.,* supra, (premiums retained for 5 weeks) ; *Gross v. Home Life Ins. Co.,* 112 Pa. Superior Ct. 96, 170 A. 432, (3 prior delinquent payments accepted without medical examination and fourth overdue payment had been in company's hands 21 days) ; *McGine v. Industrial Health, Accident and Life Ins. Co.,* 124 Pa. Superior Ct. 602, 189 A. 889, (retained 3 months) ; *Malchinsky v. Mutual Life Ins. Co.,* supra, (retained 13 days and physical examination pending) ; *Barag v. Metropolitan Life Ins. Co.,* 130 Pa. Superior Ct. 213, 196 A. 558, (retained 11 to 16 days). The premium in this case could not have been received by defendant before October 4, 1948,[1] and the insured died the following day. In the circumstances there can be no doubt that a reasonable

---

[1] The entire premium was not collected until Friday, October 1, and if immediately forwarded from Philadelphia to the home office in Chicago, it could not have been received before Monday, October 4.

time for deliberation had not elapsed. And there could be no waiver after insured's death. *Ryan v. Prudential Ins. Co.,* 33 Pa. Superior Ct. 364. There was no question for determination by the jury, and the able trial judge properly directed a verdict for the company.

The trial judge also properly excluded appellant's testimony relative to her alleged conversation with defendant's agent to the effect that the delinquent payment would revive the policy without any additional act. Under provision (2) above the agent had no authority to waive or alter any provision of the policy. *Kash v. Sun Life Assurance Co.,* 140 Pa. Superior Ct. 478, 14 A. 2d 214; *Albright v. Metropolitan Life Ins. Co.,* 143 Pa. Superior Ct. 158, 17 A. 2d 709.

Furthermore, appellant knew that it was impossible to comply with the condition precedent for reinstatement, i. e., "evidence of insurability satisfactory to the Company", inasmuch as the insured was in the hospital at that time. This factor and the short interval between receipt of the premium and death of insured completely negative any theory of a waiver. "The underlying element which opens the question of implied waiver to the jury is that the insurer has done some act or pursued some course of conduct which tended to mislead the insured": *Brown v. Penna. Casualty Co.,* 207 Pa. 609, 611, 56 A. 1125.

Judgment affirmed.