## Commonwealth ex rel. Green, Appellant, v. Rundle.

Submitted April 20, 1966.   Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Samuel Green*, appellant, in propria persona.

*Nathaniel P. D'Amico* and *Joseph M. Smith*, Assist-
ant District Attorneys, and *Arlen Specter*, District At-
torney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

In 1961, appellant, while represented by counsel,
entered a plea of guilty to the charge of murder gen-
erally.  A hearing was held on the plea and appellant
was adjudged guilty of murder in the second degree
and sentenced to a term of imprisonment of 10 to 20
years.  No appeal was taken from the judgment of
conviction or sentence.

Subsequently, appellant filed a petition for a writ
of habeas corpus which was denied and this Court af-
firmed.  *Commonwealth ex rel. Green v. Rundle*, 413
Pa. 401, 196 A. 2d 861 (1964).  A petition for federal
habeas corpus was likewise denied by the United States
District Court for the Eastern District of Pennsylva-
nia.[1]  The Court of Appeals for the Third Circuit af-

---

[1] Misc. No. 2672, March 12, 1964.

firmed[2] and certiorari was denied by the Supreme Court of the United States.[3]

Appellant thereupon filed the present petition for habeas corpus in the court below. The petition was dismissed without a hearing and this appeal followed. Our examination of the record leads us to conclude that appellant's contentions are without merit and we affirm the action of the court below.

The contentions contained in the petition relate to the sufficiency of the evidence, the admissibility of a confession obtained in the absence of counsel during a pre-trial interrogation of appellant, the competence of trial counsel, and a claim of double jeopardy.

Appellant's challenge to the sufficiency of the evidence to support the adjudication of murder in the second degree raises a matter which, absent extraordinary circumstances, is not cognizable on habeas corpus. See *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 74 n.1, 215 A. 2d 637, 639 n.1 (1966). Moreover, in light of appellant's plea of guilty to the charge of murder generally, the sufficiency of the evidence to support the lesser charge of murder in the second degree is moot. See *Commonwealth ex rel. Davis v. Russell*, 422 Pa. 223, 226, 220 A. 2d 858, 859 (1966); *Commonwealth ex rel. Andrews v. Russell*, 420 Pa. 4, 6, 215 A. 2d 857, 858 (1966).

Appellant's trial having occurred prior to the decision in *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), he may not presently claim relief in reliance thereon. *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966).[4] Moreover, appellant does not assert, and the record does not reveal, that his confes-

---

[2] *United States ex rel. Green v. Rundle*, 337 F. 2d 1013 (3d Cir. 1964) (per curiam).

[3] 381 U.S. 946, 85 S. Ct. 1791 (1965).

[4] Accord, *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965).

sion was otherwise tainted. See *Crooker v. California,*
357 U.S. 433, 78 S. Ct. 1287 (1958) ; *Cicenia v. LaGay,*
357 U.S. 504, 78 S. Ct. 1297 (1958) ; cf. *Commonwealth
ex rel. Bell v. Russell,* 422 Pa. 232, 220 A. 2d 632
(1966) ; *Commonwealth ex rel. Mullenaux v. Myers,* 421
Pa. 61, 217 A. 2d 730 (1966).[5]

With regard to appellant's claim that trial counsel
was incompetent, there is nothing contained in the pe-
tition beyond the mere allegation. In the absence of
some factual averment which, if proved, would support
the inference of incompetence, there was no require-
ment of a hearing below and no merit to the conten-
tion.

Finally, the double jeopardy contention is based
upon the fact that the Commonwealth brought appel-
lant back to trial after a prior proceeding was ter-
minated by reason of appellant's flight from the juris-
diction during the course of the trial. Obviously, there
is no basis for a claim of double jeopardy under such
circumstances.

Order affirmed.

Mr. Justice COHEN took no part in the considera-
tion or decision of this case.

---

[5] Although the Supreme Court of the United States held in
*Miranda v. Arizona,* 384 U.S. 436, 479 n.48, 86 S. Ct. 1602, 1630
n.48 (1966), that "Crooker v. California, 357 U.S. 433 (1958) and
Cicenia v. LaGay, 357 U.S. 504 (1958) are not to be followed,"
that same Court subseqently held that the principles set forth in
*Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), and *Miran-
da* are not entitled to retrospective application. *Johnson v. New
Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966).

Thus, in the instant case, in which trial was commenced prior
to the decision in *Escobedo* on June 22, 1964, the standard for de-
termining the admissibility of a confession challenged solely on
the ground of denial of counsel during custodial police interroga-
tion remains as set forth in *Crooker v. California,* supra, and *Ci-
cenia v. LaGay,* supra. See *Johnson v. New Jersey,* supra; *Miran-
da v. Arizona,* supra.