Commonwealth *v.* Howard, Appellant.

Submitted June 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Arthur S. Kafrissen,* for appellant.

*Joseph C. Murray, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

Appellant contends that his guilty plea was involuntarily and unintelligently made for it was tendered with the expectation of a negotiated, reduced sentence.

On July 30, 1968, the appellant entered the Shirt Shack, a business establishment located at 222 South 11th Street in Philadelphia. He assaulted and robbed the owner of the store. During the course of the robbery, the owner set off a silent burglar alarm. The

police arrived on the scene before the appellant could effect an escape. A gun battle ensued, in which a police officer and the appellant were seriously wounded. Appellant was taken to Philadelphia General Hospital, where he remained hospitalized for approximately two years.

On August 3, 1970, appellant pleaded guilty to burglary and aggravated robbery before the Honorable Robert N. C. Nix, Jr. After conducting an extensive colloquy, Judge Nix accepted the plea, and sentenced appellant to ten to forty years in prison. A motion requesting reconsideration of the sentence was denied. Appellant then filed a Post Conviction Hearing petition which was heard on December 15, 1972 before the Honorable Ethan Allen Doty. After hearing all the evidence relating to appellant's contentions, the hearing judge determined that appellant's plea was voluntary, and dismissed the petition. This appeal followed.

We have examined the record and the notes of testimony from the PCHA hearing. The notes of testimony disclose that trial counsel, who testified at the PCHA hearing, never spoke to the district attorney assigned to the case. He denies ever advising or promising a plea bargain arrangement. In fact, trial counsel testified that he suggested that the defendant throw himself on the mercy of the Court.

In light of the extensive colloquy and the record in this case, we believe the PCHA hearing judge properly concluded that appellant's plea was knowingly and voluntarily made. See *Commonwealth v. Williams*, 442 Pa. 431, 275 A. 2d 103 (1971). Furthermore, appellant's other contentions are entirely frivolous and merit no discussion whatsoever.

Order of the court below is affirmed.