## Reed v. Donegal Mutual Insurance Company

*James A. Naddeo,* for plaintiff.
*Edward S. Blanarik, Jr.,* for defendant.

REILLY, *P.J.,* January 22, 1988—This matter comes before the court on defendant's motion for summary judgment. The complaint alleges a fire loss sustained by the plaintiffs, John and Rebecca Reed, on November 27, 1985.

On October 10, 1985, plaintiffs made application through the Bloom Insurance Agency for a home-owners policy with defendant, Donegal Mutual Insurance Company, covering the residence located at 137 Byers Street, Village of Hillsdale, Lawrence Township, Clearfield County, Pennsylvania. The insurance policy was delivered to plaintiffs on October 24, 1985, and a reminder notice for payment of the premium was sent on November 8, 1985.

On or about November 14, 1985, plaintiff submitted a personal check in the amount of $174. Defen-

dant received notice that the check was drawn on a closed account on November 25, 1985. On November 27, 1985, at 10:45 p.m. a fire destroyed plaintiffs' residence.

Defendant sent a cancellation notice to plaintiffs on December 4, 1985. On December 9, 1985, plaintiffs attempted to pay the premium of insurance by tendering a money order which defendant rejected.

Subsequently, plaintiffs commenced a civil action against defendant by filing a complaint alleging a cause of action for breach of contract. Defendant filed an answer and new matter raising the following defenses; fraud; failure of consideration; voluntary cancellation by the insured; and concealment and fraud. Specifically, the defenses raised by defendant are that a homeowners insurance contract was not formed because plaintiffs fraudulently secured the contract by issuing a check for the premium drawn on a closed account and that there was a failure of consideration because the premium had not been paid. Defendant also argues that in the alternative, if a contract existed, plaintiffs voluntarily cancelled it. Also, defendant alleges that plaintiff committed arson which negates the policy.

Plaintiffs moved for a summary judgment following which briefs were filed and oral argument was had. On September 10, 1987, this court denied plaintiffs' motion for summary judgment.

The issue that is now presented before this court is whether the payment of the premium is a condition precedent necessary to the validity of an insurance contract.

Defendant argues that a contract never existed because plaintiffs fraudulently used a check drawn on a closed account to tender payment for the premium and since the check was invalid there was a failure of consideration. Defendant also argues in the

alternative, if a contract existed, plaintiffs voluntarily cancelled that contract by virtue of their tendering payment with a worthless check. In support of these arguments, defendant relies upon this court's memorandum and order denying plaintiffs' motion for summary judgment, which stated in part:

"Therefore, it is clear to this court that since plaintiffs did not pay their premiums there was a failure of consideration as the performance for which the promisor bargained had not been rendered . . . Furthermore this court is of the opinion that plaintiffs violated section I and section II—Conditions, number 2, Concealment or Fraud, page 12 of 12, of the homeowners policy in question . . . As such, plaintiffs did not have a valid homeowners policy in effect at the time of the fire at their residence . . ."

In light of this court's prior memorandum and order, this court will allow the question of whether fraud has been committed to be determined by the jury. Whether fraud has been committed is always a jury question, although evidence of fraud must be clear and convincing and whether such evidence meets the required standard which justifies its submission to the jury is always a question of law for the court. See *Greenwood v. Kadoich,* 239 Pa. Super. 372, 357 A.2d 604 (1976). Question of fraud in one of fact for the fact finder, and its finding must not be disturbed if warranted by the evidence. See *Delahanty v. First Pennsylvania Bank,* 318 Pa. Super. 90, 464 A.2d 1243 (1983).

Defendant also argues that the tendering of a money order in payment of a premium after the fire occurred was insufficient. In support of this argument defendant cites *Sykes v. United Insurance Company,* 167 Pa. Super. 624, 76 A.2d 227 (1950), which held that mere payment of an overdue pre-

mium does not constitute reinstatement of a policy; and in *Schifalacqua v. CNA Insurance,* 567 F.2d 1255 (3d Cir. 1977), the court held that acceptance by an insurer of a late premium payment which is received after the occurrence of a loss within the policy coverage, merely reinstates the policy as of the date of its receipt. However, in *Sykes,* the court based its holdings upon several policy provisions in the insurance policy, which explicitly stated when premiums are due. Likewise, in *Schifalacqua,* plaintiffs concededly failed to make the required premium payment before the contractual period of grace.

The cases cited by defendant may be distinguished from the instant case, in that they involve a breach in the policy provisions. However, where there is no provision in a policy making it effective only on payment of the premium, the validity of the contract is not dependent upon prior payment of the premium. Payments of premiums are not a necessary condition precedent to the validity of a binder. See *Kellner v. Aetna Casualty and Surety Company,* 605 F.Supp. 331 (M.D. Pa. 1984). In general, the validity of a binder or an insurance policy is not dependent upon prior payment of the premium. See *Harris v. Sachse,* 160 Pa. Super. 607, 52 A.2d 375 (1947). In *Harris,* the court held that it was not necessarily fatal to the claimant's right of recovery that a deposit on the premium did not accompany the application.

In the instant case, the only policy provision regarding the payment of the premium is on page 3 of the homeowners policy which states: "We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of the policy." This court is of the opinion that this wording is ambiguous as to whether the premium payment is a condition pre-

cedent to the coverage. Language in an insurance policy is ambiguous if it is reasonable susceptible of at least two different interpretations. See *C. Raymond Davis and Sons Inc. v. Liberty Mutual Insurance Company*, 467 F.Supp. 17 (E.D. Pa. 1979).

This court will construe any ambiguous terms against the draftor of the instrument. A policy provision is ambiguous and thus to be construed most favorably to the insured only if reasonably intelligent men on considering it in the context of the entire policy would honestly differ as to its meaning. See *Adelman v. State Farm Mutual Automobile Insurance Company*, 225 Pa. Super. 116, 386 A.2d 535 (1978). Because words which are unambiguous in one context may become susceptible to more than one interpretation when applied to a particular set of facts, it is incumbent upon an insurance company, as the draftor of the insurance policy, to delineate as precisely as possible the full extent of coverage or bear the consequences for failing to do so. See *Techalloy Company Inc. v. Reliance Insurance Company*, 338 Pa. Super. 1, 487 A.2d 820 (1984).

To the extent that this opinion conflicts with the previous opinion of this court dated September 10, 1987, in the above-captioned matter, this opinion shall govern.

Wherefore, the court enters the following

## ORDER

Now, January 22, 1988, upon consideration of motion for summary judgment filed on behalf of defendant Donegal Mutual Insurance Company, based upon the above reasons, it is the order of this court that said motion be and is hereby denied.