J-A07045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDRE GREEN | : | |
| | : | |
| Appellant | : | No. 1879 EDA 2022 |

Appeal from the PCRA Order Entered July 15, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1007511-2005

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MARCH 30, 2023**

Andre Green (Appellant) appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas dismissing his "Petition for State Writ of Habeas Corpus" as an untimely, serial petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Appellant seeks relief from the aggregate sentence of 25 to 50 years' imprisonment, imposed in November of 2006, following his non-jury convictions of third-degree murder, aggravated assault, recklessly endangering another person (REAP), and possessing an instrument of crime (PIC).[2]  Appellant argues that the PCRA court erred in construing his *habeas* petition as a PCRA petition.  For the reasons below, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9545.

[2] 18 Pa.C.S. §§ 2502(c), 2702(a), 2705, and 907, respectively.

The relevant facts underlying Appellant's convictions were summarized by this Court in a prior appeal as follows:

On June 12, 2004, [Appellant's] girlfriend, Tiffany Nelson, with [Appellant] as a passenger, drove to West Philadelphia in order to retrieve clothes from her mother's residence. Nelson double parked outside, blocking the street. While inside, Nelson heard a car horn and returned to her car. She was confronted by Nicki Doughty, with whom Nelson had had prior arguments. There were several other occupants in Doughty's car, including Craig Dunston.

Nelson and [Appellant] drove away, followed by Doughty. The two cars stopped at 55th and Warrington Streets and the occupants of both cars exited the vehicles. Dunston stated that the women should not fight because Doughty was pregnant. [Appellant] told Dunston to stay out of the argument because it was "girl stuff." Nelson testified that Dunston began yelling and moved towards [Appellant] in a threatening manner. [Appellant] then pulled out a gun and fired two shots at Dunston while Nelson and the others ran away. [Appellant] fired a total of eleven shots at Dunston, five of which hit Dunston, killing him. Four hit Taahirah Wesley. [Appellant] fled the state, but remained in contact with Nelson, warning her not to say anything to the police.

Nelson was arrested and charged with murder, but pled guilty to conspiracy to commit aggravated assault in exchange for a promised sentence of 23 months and her testimony against [Appellant].

***Commonwealth v. Green***, 3400 EDA 2006 (unpub. memo. at 2) (Pa. Super. Feb. 15, 2008).

As noted above, Appellant proceeded to a bench trial and was convicted of third-degree murder, aggravated assault, REAP, and PIC. On November 28, 2006, Appellant was sentenced to a term of 20 to 40 years' incarceration for third-degree murder, a consecutive term of 5 to 10 years for aggravated assault, and concurrent terms of 1 to 5 years for PIC and 1 to 2 years for

REAP. Thus, Appellant's aggregate sentence was 25 to 50 years' imprisonment.

Appellant filed a timely direct appeal challenging only the sufficiency of the evidence for his conviction of third-degree murder. A panel of this Court affirmed the judgment of sentence on February 15, 2008, and Appellant did not seek review in the Pennsylvania Supreme Court. *See Green*, 3500 EDA 2006. Thus, for purposes of the PCRA, Appellant's judgment of sentence was final on March 17, 2008, 30 days after this Court affirmed the judgment of sentence and the time for filing a petition for review in the Supreme Court expired.[3] *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review, or expiration of time for seeking review); Pa.R.A.P. 1113(a) (petition for allowance of appeal shall be filed within 30 days after entry of Superior Court order under review). Accordingly, he had one year — until March 17, 2009 — to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (any PCRA petition, including second or subsequent petition, must be filed within one year of date judgment of sentence is final).

The following procedural history ensued:

> On July 31, 2008, Appellant filed his first[, timely] PCRA petition. On February 20, 2013, appointed counsel sought to withdraw and filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)]. After the

---

[3] The thirtieth day, March 16, 2008, fell on a Sunday; therefore, Appellant had until Monday, March 17th to file a petition for allowance of appeal. *See* 1 Pa.C.S. § 1908.

PCRA court permitted counsel to withdraw, it issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.[Crim.]P. 907. On April 5, 2013, the PCRA court denied Appellant's petition. On February 25, 2015, this Court affirmed the PCRA court's order and on July 21, 2015, the Supreme Court denied Appellant's petition for allowance of appeal. [*See Commonwealth v. Green*, 1173 EDA 2013 (Pa. Super. Feb. 25, 2015) (unpub. memo.), *appeal denied*, 185 EAL 2015 (Jul. 21, 2015).]

On July 8, 2016, Appellant filed his second PCRA petition, asserting that he was entitled to collateral relief based on newly discovered evidence consisting of affidavits from two alleged witnesses to the relevant crimes. After deeming the PCRA petition to be untimely, the PCRA court issued a Rule 907 notice to dismiss. On May 23, 2018, the PCRA court denied Appellant's second petition. While Appellant filed an appeal that was docketed at 2585 EDA 2018, this Court subsequently dismissed the appeal on April 3, 2019[,] as Appellant failed to file a brief. Order, 4/3/19, at 1.

On September 12, 2018, Appellant filed [his third] PCRA petition, . . . claiming that his sentence was illegal under *Alleyne v. U.S.*, 570 U.S. 99 (2013). On October 17, 2018, the PCRA court filed a Rule 907 notice and on November 29, 2018, dismissed the petition.

On March 1, 2019, Appellant filed another PCRA petition, seeking the reinstatement of his appellate rights *nunc pro tunc* as he had not received the PCRA court's November 29, 2018[,] order dismissing his petition. On March 26, 2019, the PCRA court granted Appellant's request.

On May 10, 2019, Appellant filed yet another PCRA petition, in which he claimed that he never received the PCRA court's March 26, 2019[,] order reinstating his appellate rights. On June 26, 2019, the PCRA court again granted Appellant the right to file a notice of appeal *nunc pro tunc* from the PCRA court's November 27, 2018[,] order denying his third PCRA petition.

*Commonwealth v. Green*, 1994 EDA 2019 (unpub. memo. at 2-3) (Pa.

Super. Jan. 17, 2020) (footnote omitted).

In an unpublished decision filed on January 17, 2020, this Court concluded Appellant's third PCRA petition — filed on September 12, 2018 — was untimely filed, and Appellant failed to plead or prove any of the exceptions to the PCRA's timeliness requirements.[4]  *See Green*, 1994 EDA 2019 (unpub. memo. at 4-6).  Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On August 23, 2021, Appellant filed the present petition, which he titled "Petition for State Writ of Habeas Corpus."  Appellant argued he was "s[u]bject to illegal detention" because:  (1) there was no evidence he committed the crime of PIC; (2) the court illegally applied the deadly weapon enhancement to his aggravated assault and PIC sentences; and (3) the court illegally imposed a mandatory minimum sentence of 20 to 40 years' imprisonment, pursuant to 42 Pa.C.S. § 9712, for his conviction of third-degree murder.  *See* Appellant's Petition for State Writ of Habeas Corpus, 8/23/21, at 9-13.  Thereafter, on February 3, 2022, he filed a motion for leave to file a supplemental petition, asserting that his sentence for aggravated assault should have merged with his sentence for third-degree murder, because

_____

[4] The panel specifically rejected Appellant's *Alleyne* claim, noting that *Alleyne* "does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings." *Green*, 1994 EDA 2019 (unpub. memo. at 5), *citing* *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016).  Further, it is unclear whether the trial court even imposed a mandatory minimum sentence for any of Appellant's convictions; the court's commitment order does not indicate that a mandatory minimum sentence was imposed and the sentencing transcript is not included in the certified record. *See* Court Commitment Order, 11/28/06.

aggravated assault is a lesser included offense of third-degree murder.[5] **See** Appellant's Motion for Leave to File Supplemental to Petition for Writ of Habeas Corpus, 2/3/22, at 2-3.

On May 20, 2022, the PCRA court issued notice of its intent to dismiss Appellant's "habeas petition" as an untimely PCRA petition. **See** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 5/20/22, at 1-2 (unpaginated). Although Appellant filed a timely objection to the court's Pa.R.Crim.P. 907 notice, on July 15, 2022, the PCRA court dismissed Appellant's petition. This timely appeal follows.[6]

Appellant raises one issue for our review:

> Did the Court of Common Pleas of Philadelphia County abuse [its] discretion and/or err[ ] as a matter of law when denying [Appellant's] petition for Habeas Corpus relief stating " . . . the court lacked jurisdiction[?]"

Appellant's Brief at iv.

"Preliminarily, we note that this Court's standard of review of a PCRA court order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Hipps**,

---

[5] Appellant ignores that fact that these offenses were committed against two different victims. **See Commonwealth v. Hernandez**, 230 A.3d 480, 488 (Pa. Super. 2020) (holding convictions of third-degree murder and REAP did not merge for sentencing purposes when crimes "implicated different victims as charged and convicted").

[6] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

274 A.3d 1263, 1266 (Pa. Super. 2022) (citation omitted), *appeal denied*, 149 WAL 2022 (Pa. Dec. 6, 2022).

Here, Appellant's sole complaint is that the PCRA court erred when it reviewed his *habeas* petition under the PCRA. He avers there has been a "breakdown" in the PCRA procedure in his particular case, which has resulted in the illegality of his "current confinement." Appellant's Brief at 6. Appellant maintains he is unable to meet the timeliness requirements of the PCRA due to "the prison officials having misplaced/lost [his] legal papers, documents, discovery and notes of testimony[,]" and that "this lack of meaningful review rendered [him] without access to the court[s]." *Id.* at 7 (footnote omitted).

With regard to the underlying merits of his claims, Appellant argues his sentence for PIC was an "extreme departure from the sentencing guidelines" and that the trial court improperly applied the deadly weapon enhancement to that crime, "render[ing] the sentence illegal." *See* Appellant's Brief at 9, 10. He also maintains he "was charged, improperly, with [PIC] which has an element of 'intent', . . . an element not found in a third[-]degree murder conviction." *Id.* at 9. Lastly, Appellant complains that he presented a prior PCRA petition "based upon 'new evidence', [but] the court [found] it did not have jurisdiction due to [A]ppellant's lack of diligence." *Id.* at 12.

Preliminarily, we note that the writ of *habeas corpus* "lies to secure the immediate release of one who have been detained unlawfully, in violation of due process." ***Commonwealth v. Wolfe***, 605 A.2d 1271, 1273 (Pa. Super. 1992).

As an extraordinary remedy, habeas corpus may be invoked only when remedies in the ordinary course have been exhausted or are not available; the writ is **not** a substitute for appellate review.

*     *     *

Consequently, habeas corpus generally is not available to review a conviction which has been affirmed on appeal.

*Id.*

Moreover, the PCRA explicitly states that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, **including habeas corpus** and coram nobis." 42 Pa.C.S. § 9542 (emphasis added). ***See also*** 42 Pa.C.S. § 6503(b) ("Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law."). As our Supreme Court has explained:

The plain language of [Section 9542] demonstrates quite clearly that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy "for the same purpose" is intended to be available; instead, such remedies are explicitly "encompassed" within the PCRA.

***Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016). Furthermore, it is well-settled that "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*" ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (footnote omitted).

Upon our review, we conclude the PCRA court properly construed Appellant's *habeas* petition to be an untimely PCRA petition. Appellant's chief argument is that his only avenue for relief is *via* a *habeas* petition because he is unable to meet the timing requirements under the PCRA. ***See*** Appellant's Brief at 6-7. This assertion does not warrant the "extraordinary remedy" of *habeas* relief. ***See Wolfe***, 605 A.2d at 1273. To the extent Appellant maintains the prison officials lost his paperwork, such a claim, if determined to be true, **might** satisfy the governmental interference exception to the PCRA's timing requirements. It does not, however, demonstrate Appellant has been unlawfully detained. ***See id.***

Moreover, Appellant's challenge to the legality of his sentence, as well as his claim that he was improperly charged with a crime (PIC) he claims he did not commit, clearly fall under the rubric of the PCRA. ***See*** 42 Pa.C.S. §§ 9542 ("This subchapter provides for an action by which persons **convicted of crimes they did not commit and persons serving illegal sentences** may obtain collateral relief.") (emphasis added); 9543(a)(2)(vii), (viii) (petitioner may obtain PCRA relief when the court imposed a sentence "greater than the lawful maximum" or the conviction resulted from "[a] proceeding in a tribunal without jurisdiction").

We note, too, that even if we consider Appellant's claims as challenges to the sufficiency of the evidence and the discretionary aspects of his sentence — neither of which are cognizable under the PCRA — Appellant would still be entitled to no relief. As our Supreme Court has explained a "challenge to the

sufficiency of the evidence to support [a conviction,] absent extraordinary circumstances, is not cognizable on habeas corpus." ***Commonwealth ex rel. Green v. Rundle***, 221 A.2d 187, 189 (Pa. 1966). Similarly, this Court has held that "[a] challenge to the discretionary aspects of sentencing is not a proper basis for habeas corpus relief." ***Wolfe***, 605 A.2d at 1274.

Appellant is unable to utilize the writ of *habeas* corpus to overcome the timeliness provisions of the PCRA. Accordingly, we conclude he is entitled to no relief.

Order affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>*3/30/2023*</u>

- 10 -